IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-400-D-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| QUATRAIL PAIR, ) | |
| ) | |
| Defendant. ) | |

On July 2, 2013, pursuant to a written plea agreement, Quatrail Pair ("Pair") pleaded guilty to conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin (count one), and possession of a firearm in furtherance of a drug-trafficking crime and aiding and abetting (count six). See [D.E. 49, 51]. On December 3, 2013, the court held Pair's sentencing hearing. See [D.E. 72]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") [D.E. 69] except as to matters disputed in the addendum. See [D.E. 74] 1, 4. The court ruled on Pair's objections and calculated Pair's total offense level to be 35, his criminal history category to be V, and his advisory guideline range to be 262 to 327 months' imprisonment on count one, and 60 months' imprisonment on count six. See id. at 1. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Pair to 300 months' imprisonment on count one, and 60 months' imprisonment on count six to run consecutively. See [D.E. 73] 2.

On March 16, 2016, Pair moved for a sentence reduction on count one under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 81]. Pair's new advisory guideline range on count one is 210 to 262 months' imprisonment, based on a total offense level of 33 and a criminal history category of V. See id. Pair requests a 240-month

sentence on count one, and 60 months' imprisonment on count six, to run consecutively. See id. On October 7, 2016, the government responded. See [D.E. 83].

The court has discretion to reduce Pair's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, No. 16-6867, 2016 WL 6958628, at *1 (4th Cir. Nov. 29, 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Pair's sentence, the court finds that Pair engaged in serious criminal behavior for numerous years involving the distribution of large quantities of heroin, and possessed firearms in furtherance of his drug trafficking. See PSR ¶¶ 1–26. Moreover, Pair is a violent recidivist, with convictions for possession of a stolen firearm, distribution or possession with intent to distribute marijuana, possession with intent to manufacture, sell and deliver a Schedule I controlled substance, manufacturing, selling and possessing a controlled substance, and second-degree murder. See PSR ¶¶ 31–36, 53; [D.E. 85-1].

Having reviewed the entire record and all relevant policy statements, the court finds that Pair received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Pair's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Pair's motion for reduction of sentence. See, e.g., Patterson, 2016 WL 6958628, at *1–2; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

Pair also filed a motion to move to a federal facility. See [D.E. 85]. Pair is currently serving his state sentence for second-degree murder and is housed in a prison operated by the North Carolina Department of Public Safety. See [D.E. 85, 85-1]. Pair's motion to move to a federal facility is denied.

In sum, the court DENIES Pair's motion for reduction of sentence [D.E. 81] and DENIES Pair's motion for placement at a federal facility [D.E. 85].

SO ORDERED. This 17 day of May 2017.

JAMES C. DEVER III
Chief United States District Judge